The only charge requested was given to the jury by the court.

There is nothing in the motion for new trial requiring discussion.

The penalty assessed is confinement in the penitentiary for one year and one day. The judgment will be reformed in accord with article 775, C. C. P., as amended by Acts 1931, c. 207, §. 1 (Vernon's Ann. C. C. P. art. 775), so as to show that the appellant shall be confined in the penitentiary for a period of not less than one year and not more than one year and one day.

As so reformed, the judgment is affirmed.

## Ollie KING v. STATE.
### No. 15977.

Court of Criminal Appeals of Texas.
April 12, 1933.

Chas. T. Banister, Burle D. Daviss, and Claude L. Milburn, all of Corsicana, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CALHOUN, Judge.

The offense, murder; the punishment, ninety-nine years in the penitentiary.

Affidavit in proper form has been filed by appellant asking this court to dismiss his appeal.

The motion is granted, and the appeal dismissed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

## William (Bull) NEWSOM v. STATE.
### No. 15881.

Court of Criminal Appeals of Texas.
March 8, 1933.

Rehearing Denied April 26, 1933.

A. C. Chrisman, of Cleburne, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

Conviction for burglary; punishment, two years in the penitentiary.

The record is here without a statement of facts or bill of exception. The indictment, the charge of the court, the judgment, and sentence being regular, the judgment will be affirmed.